896 F.Supp. 734 (1994)
Marlene MISCH, Plaintiff,
v.
The COMMUNITY MUTUAL INSURANCE CO., Defendant.
No. C-1-94-428.
United States District Court, S.D. Ohio, Western Division.
December 1, 1994.
*735 *736 *737 Richard Stuart Wayne, Strauss & Troy, Robert Armand Perez, Cincinnati, OH, for plaintiff.
Michael Joseph Canter, Daniel Jerome Buckley, Vorys, Sater, Seymour & Pease, Cincinnati, OH, for defendant.

ORDER
CARL B. RUBIN, District Judge.
This matter is before the Court upon Defendant's Motion to Dismiss the Complaint (Doc. no. 2). For the reasons set forth below, the Motion hereby is DENIED.

Factual and Procedural Background
Plaintiff Marlene Misch brings this class action complaint against Defendant The Community Mutual Insurance Co. (Community Mutual), an Ohio corporation which provides medical, hospital, major medical, comprehensive and other coverage to Ohio policyholders. The action is brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq.
The complaint sets forth the following allegations: The health insurance policies of Community Mutual typically provide that Community Mutual will pay a percentage of health care providers' charges and the plan participant will pay the remaining percentage. These percentages are usually 80% and 20%, respectively. However, Community Mutual has negotiated "secret" discounts with health care providers that apply to the portion of the charges paid by Community Mutual, but not to the portion paid by the policyholder. The result of such agreements is that policyholders in fact pay more than 20% of the total charges incurred for services rendered by health care providers, and health care providers bill at a higher rate to offset the discounts. In addition, Community Mutual calculates lifetime maximums[1] based on payments which exceed the discounted amounts actually paid by Community Mutual. Community Mutual intentionally withheld these agreements providing for discounted rates from the public and did not disclose them to the policyholders. Community Mutual also affirmatively misled its policyholders by mailing Explanation of Benefit (EOB) statements which falsely stated the amount Community Mutual had paid to health care providers for covered services.
Based on the above allegations, Plaintiff brings the following claims: (1) Plaintiff is entitled to recover benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) in light of Community Mutual's failure to advise policyholders of the reductions in co-payment obligations resulting from the discounted rates it negotiated with health care providers and in light of its calculation of annual or lifetime maximums based on amounts in excess of those actually paid; and (2) Community Mutual breached its fiduciary duties under 29 U.S.C. §§ 1109(a) and 1106(b) by negotiating the discounts with health care providers and not discounting the policyholders' share of the bills, paying a lower percentage of costs than specified in the plan, affirmatively misleading policyholders regarding the discounts, and calculating lifetime maximums based on payments in excess of the amounts actually paid. Plaintiff seeks to hold Community Mutual liable for the negotiated discounts and for the benefits policyholders were precluded from receiving as a result of having reached lifetime or annual maximums. Plaintiff requests damages in the form of excessive co-payments, court enforcement of the policy terms, and an accounting of the charges Community *738 Mutual failed to pay as a result of the discount agreements.

Defendant's Claims
Community Mutual moves to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Defendant claims that (1) the method used to calculate policyholders' co-payments is specified in the policy, Community Mutual has adhered to the policy terms, and Plaintiff has therefore received all of the benefits to which she is entitled; (2) Plaintiff's objection is actually one as to plan design and Community Mutual owes Plaintiff no fiduciary duty with regard to plan design; (3) the alleged misadministration of a policy which funds a plan cannot constitute a misuse of plan assets; and (4) a breach of fiduciary claim under § 1109 can only be brought on behalf of the plan, not the individual plan participants.

Opinion

I. Motion to Dismiss

A Rule 12(b)(6) motion to dismiss requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed.R.Civ.P. 8(a) which states that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief". Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir.1976). Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). A Court examines a complaint in light of the objectives of Rule 8 using the standard articulated in Jones v. Sherrill, 827 F.2d 1102, 1103 (6th Cir.1987):
In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir.1983), cert. denied, 469 U.S. 826 [105 S.Ct. 105, 83 L.Ed.2d 50] (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. Id. at 158; Conley v. Gibson, 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80] (1957).
The admonishment to liberally construe plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice & Procedure: § 1357 at 596 (1969). "In practice, a complaint ... must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984), cert. denied, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985) (quoting In re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir.1981), cert. dismissed, 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983)); see also Sutliff, Inc. v. Donovan Companies, Inc., 727 F.2d 648, 654 (7th Cir.1984); Wright, Miller & Cooper, Federal Practice & Procedure: § 1216 at 121-23 (1969). In its scrutiny of the complaint, a Court construes all well-pled facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).
If matters outside of the pleadings are presented to the court on a Rule 12(b)(6) motion and are not excluded by the court, the motion shall be treated as one for summary judgment. Fed.R.Civ.P. 12(b). However, where plaintiff has incorporated documents into the complaint which are central thereto, the documents are part of the pleadings before the court and may be considered in connection with a 12(b)(6) motion. Teagardener v. Republic-Franklin, Inc. Pension Plan, 909 F.2d 947, 949 (6th Cir.1990).
A copy of Plaintiff's plan certificate is attached to, and incorporated into, the complaint. Therefore, the certificate is part of the pleadings before the court and the court will consider same in resolving Defendant's 12(b)(6) motion.

II. Standard of Review Under ERISA

A participant or beneficiary may bring a civil action to recover benefits due him under the terms of his plan, to enforce *739 his rights under the terms of the plan, or to clarify his rights to future benefits, or for appropriate relief under § 1109. 29 U.S.C. § 1132(a). The standard of review is de novo unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 956-957, 103 L.Ed.2d 80 (1989). Where such authority is granted, the arbitrary and capricious standard applies. Id.
The certificate in issue states that Community Mutual,
shall have discretionary authority to determine an individual's eligibility for benefits under the Group Contract and to construe the terms and conditions of this Certificate which describes your benefits. Whenever we make a determination or construction which is not arbitrary and capricious, our determination will be final and conclusive.
Thus, in accordance with the terms of the certificate, the arbitrary and capricious standard applies.

III. Fiduciary Status

Despite the plain language of the certificate, Community Mutual contends that Plaintiff cannot bring a claim for breach of fiduciary duty against it because her claims concern design of the plan and it owed no fiduciary obligation to Plaintiff with regard to plan design. Under ERISA, a person is a fiduciary with regard to a plan to the extent "he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A)(iii). Both persons named as fiduciaries by a benefit plan, and anyone who exercises discretionary control or authority over the plan's management, administration, or assets, are ERISA fiduciaries. Mertens v. Hewitt Assocs., ___ U.S. ___, ___, 113 S.Ct. 2063, 2066, 124 L.Ed.2d 161 (1993). Where an insurance company administers claims for an employee welfare benefit plan and has the authority to grant or deny the claims, the company is an ERISA fiduciary. Libbey-Owens Ford Co. v. Blue Cross and Blue Shield Mutual of Ohio, 982 F.2d 1031, 1035 (6th Cir.1993).
A plan may grant discretion with respect to some decisions, but not others. See Anderson v. Great West Life Assurance, 942 F.2d 392, 395 (6th Cir.1991). An individual is a fiduciary to the extent he exercises any discretionary authority or control. Id. (citing Firestone, 489 U.S. at 113, 109 S.Ct. at 955).
The Court rejects Defendant's contention that it had no fiduciary obligation under 29 U.S.C. § 1109(a) and § 1106(b) with regard to the issues raised by Plaintiff. Community Mutual's obligation to pay policyholders the percentage of health care charges as specified in the plan and to properly calculate lifetime maximums fall within the scope of Community Mutual's fiduciary obligation to determine eligibility for benefits and to construe the terms of the plan certificate. Accordingly, Plaintiff's claim of breach of fiduciary duty is not subject to dismissal on this ground.

IV. Alleged Breach of Fiduciary Duties

Under ERISA, a fiduciary is obligated to discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries. 29 U.S.C. § 1104(1). Section 1104 imposes an "unwavering duty on an ERISA trustee to make decisions with single-minded devotion to a plan's participants ...". Adams v. Avondale Industries, 905 F.2d 943, 946 (6th Cir.), cert. denied, 498 U.S. 984, 111 S.Ct. 517, 112 L.Ed.2d 529 (1990) (quoting Morse v. Stanley, 732 F.2d 1139, 1145 (2d Cir.1984)). Further, a fiduciary must act in accordance with the documents and instruments governing the plan. 29 U.S.C. § 1104. This requirement of fidelity to the terms of the plan was intended to give effect to one of ERISA's central purposes, which is "to protect the participants and beneficiaries of employee benefit plans by insuring that employees are fully and accurately apprised of their rights under the plan". Callahan v. Rouge Steel, 941 F.2d 456, 459 (6th Cir.1991) (citing H.R.Rep. No. 533, 93d Cong. (1973), reprinted in 1974 U.S.Code Cong. & Admin.News 4639, 4648-49, *740 4657). Finally, the fiduciary must exercise his duties with the care, skill, prudence and diligence that a prudent man would use under like circumstances. 29 U.S.C. § 1104(a)(1)(B).
To determine whether a fiduciary has acted in an arbitrary and capricious manner, the most important factor to weigh is the language of the plan itself as the employees knew or should have known it. Callahan, 941 F.2d. at 460 (citing Rhoton v. Central States Pension Fund, 717 F.2d 988, 990 (6th Cir.1983)). Misleading communications to plan participants regarding plan administration, including eligibility under a plan and the extent of benefits under a plan, will support a claim for breach of fiduciary duty. Drennan v. GMC, 977 F.2d 246, 251 (6th Cir.1992), cert. denied, ___ U.S. ___, 113 S.Ct. 2416, 124 L.Ed.2d 639 (1993) (quoting Berlin v. Michigan Bell Telephone Co., 858 F.2d 1154, 1163 (6th Cir.1988)).
Accepting the allegations of the complaint as true, Plaintiff has stated a claim for breach of fiduciary duty. The plan certificate issued by Community Mutual pursuant to its group contract with Plaintiff's employer advises plan participants that the program shares their medical expenses up to the amount of the Provider's Reasonable Charge. The certificate defines "Provider's Reasonable Charge" for a network provider[2] as the negotiated rate between Community Mutual and the Provider as determined according to the Community Preferred Provider Contract. The certificate does not define the term "Community Preferred Provider Contract". The certificate states that after the covered services exceed a policyholder's deductible, the program shares in paying a portion of the balance. The certificate indicates that the policyholder's share of the balance is the co-pay and that a policyholder should refer to the Schedule of Benefits to see what her co-pay is. The Schedule of Benefits lists the co-pay for care received from network providers as 20%.
One could reasonably conclude from the above provisions that a network provider charges a certain amount negotiated by the provider and Community Mutual for services rendered to a plan participant, and that the insurer pays 80% of that amount while the participant pays 20% of the same amount. Although it is undisputed that this is not true in all cases, a plan participant may not have reasonably understood from the language of the plan certificate that the benefit payment and co-pay may in fact be based on different amounts. The only network provider charges to which the certificate refers is the Provider's Reasonable Charge. While the certificate also refers to contracts between Community Mutual and network providers, it does not indicate that such contracts may include negotiated rates that differ from the Provider's Reasonable Charge. Thus, Plaintiff may be able to prove that Community Mutual breached a fiduciary obligation by misleading plan participants concerning the manner in which it calculated benefits and the percentage of charges actually paid by the plan participants.
Further, Plaintiff may be able to prove that Community Mutual affirmatively misled policyholders concerning the amount of benefits it actually paid. Accepting the allegations of the complaint as true, Plaintiff Marlene Misch received an EOB form for services rendered by Hillcrest Hospital which listed the total charges as $456.00. The Payment Summary showed the total paid by Community Mutual to be $364.80. In fact, Community Mutual paid only $279.53 pursuant to its agreement with the hospital. These representations could certainly have misled Plaintiff to believe that both she and Community Mutual had paid a percentage of the same amount of actual hospital charges and that Plaintiff had paid only 20% of the total amount charged by the hospital for the services rendered.[3]
*741 Defendant attempts to avoid liability for any alleged misrepresentations by asserting that only the plan administrator has a duty to communicate with plan participants, so that any claim Plaintiff has regarding lack of notice about discounts lies against Plaintiff's employer, Third Federal. However, it was Community Mutual who prepared and issued the allegedly misleading certificate and EOB statements. Community Mutual was obligated to insure that the communications it made did not misrepresent the terms of the plan and the amounts of payments made thereunder. Accordingly, Plaintiff may be able to prove that Community Mutual breached fiduciary obligations by misrepresenting plan terms and the amounts of benefits paid under the plan.
Finally, Plaintiff's allegations support a claim that Community Mutual failed to discharge its duties solely in the interest of plan participants and to act in accordance with the documents governing the plan. For these reasons, Plaintiff's claim of breach of fiduciary duty survives the motion to dismiss.

V. Remedy for Alleged Breach of Fiduciary Duty

Defendant contends that any damages sought by Plaintiff for breach of fiduciary duty will inure to her personally and are therefore not recoverable under 29 U.S.C. § 1109.[4] Plaintiff concedes that she is not entitled to recover money damages under § 1109 but alleges that she seeks only injunctive relief for breach of fiduciary duty. Because Plaintiff does not seek monetary damages under § 1109, her claim for breach of fiduciary duty will not be dismissed on the ground that the relief sought is unavailable.

VI. Claim for Benefits

Defendant contends that Plaintiff's claim for benefits must be dismissed because she has received all benefits to which she is entitled under the plan. Defendant's contention is not well-taken. The complaint alleges that Plaintiff paid more than 20% of covered hospital charges in direct contravention of the terms of the plan certificate, and that Community Mutual calculated annual and lifetime maximums based on amounts greater than those it actually paid. It does not appear beyond a doubt that Plaintiff will be unable to prove facts in support of these claims. Accordingly, Plaintiff's claim for benefits withstands the motion to dismiss.

Conclusion
Plaintiff may be able to prove facts in support of her claims which would entitle her to the relief sought. Accordingly, Defendant's Motion to Dismiss the Complaint hereby is DENIED.
IT IS SO ORDERED.
NOTES
[1] Lifetime maximums are the maximum amounts Community Mutual will pay plan participants for covered health care services.
[2] The certificate defines a network provider as a hospital, physician, or other provider that has a Community Preferred Provider Agreement with Community Mutual regarding payment for covered services and certain administrative functions.
[3] Defendant contends that Plaintiff has no claim based on representations made on the EOB statement since such statements simply inform participants that the balance owed to the provider is no longer outstanding and that the form is not an official plan document and does not constitute a summary of plan benefits. However, in issuing the EOB statements, Community Mutual may have done more than simply inform plan participants that the balance owed to the health care provider was no longer outstanding. Accepting the allegations of the complaint as true, the EOB statements may have affirmatively misrepresented that Community Mutual paid amounts which were greater than those actually paid and conveyed the misimpression that the plan participant had paid 20% of the total amount actually charged by the health care provider.
[4] Section 1109 provides that a fiduciary who breaches obligations imposed under § 1101, et seq. shall be personally liable to make good to the plan any losses resulting from such breach and to restore to such plan any profits of the fiduciary which have been made through use of plan assets by the fiduciary.